UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-379-KSF

BRIAN BAKER                                                                                    PLAINTIFF

v.                                              **OPINION & ORDER**

KEN McDANIEL, *et al*                                                                  DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the defendants to dismiss Count 1 of the plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [DE # 3] This motion is fully briefed and is ripe for review.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff, Brian Baker, began his employment as a firefighter with the Stanford, Kentucky Fire Department in November 1996. He was eventually promoted to the position of Lieutenant. Beginning in January 2006, Baker became concerned about the safety and reliability of the equipment being used by the Stanford Fire Department. Baker complained to the Fire Chief, Ken McDaniel, several times over the course of a year. Baker contends that although McDaniel acknowledged problems with the equipment, he failed to take any action.

As a result, Baker along with several other members of the fire department, complained about the safety issues to the Mayor, Bill Miracle, in February 2007. Baker contends that Miracle acknowledged the problems and agreed to help address his concerns. Nevertheless, Baker contends

1

that Miracle failed to take any action to address his complaints. Baker then placed the Fire Department on the agenda for the Stanford City Council meeting scheduled for July 2007. Baker alleges that Miracle removed the Fire Department from the agenda so that Baker and the other concerned firefighters were prevented from addressing their concerns to the City Council. Baker and the other concerned firefighters attended the next meeting of the City Council in August 2007. After the meeting adjourned, Baker and the other concerned firefighters voiced their concerns to two City Council members. Miracle was present and defended McDaniel to the City Council members present.

Approximately two weeks later, Baker was called into Miracle's real estate business office. Both Miracle and McDaniel were present and informed Baker that he was fired from his employment with the City of Stanford. Baker was also notified that the City Council concurred with the termination.

Baker subsequently filed this civil action in Lincoln Circuit Court, against Ken McDaniel, individually and as Chief of the Stanford Fire Department, Bill Miracle, individually and as Mayor of Stanford, Kentucky, and the City of Stanford, Kentucky. His complaint alleges violation of Kentucky's whistleblower statute, KRS § 61.102, his right to free speech as guaranteed by the First Amendment, KRS § 95.762(4), and Lincoln County Fire Department's Standard Operating Procedures. Baker further alleges that he was deprived of his liberty and property interests without procedural due process and in violation of his substantive due process rights. Baker seeks compensatory damages, injunctive relief, punitive damages, and attorneys' fees and costs. This matter was removed to this Court on November 6, 2007, based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## II.   THE DEFENDANTS' MOTION TO DISMISS

The defendants now move this Court to dismiss Count 1 of Baker's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In Count 1, Baker alleges that he was terminated in retaliation for notifying the Stanford City Council of safety issues regarding the fire department equipment, in violation of the Kentucky Whistleblower Act, KRS § 61.102.  The defendants argue that the Kentucky Whistleblower Act does not apply to municipalities, including the City of Stanford.  For the reasons set forth below, the Court will grant the defendants' motion to dismiss.

### A.   MOTION TO DISMISS STANDARD

Rule 12(b)(6) provides for dismissal of a case where the complaint fails to state a claim upon which relief can be granted.  Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which "requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001).  Although Rule 8(a) indeed sets a low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007).  When considering a Rule 12(b)(6) motion, the complaint must be construed liberally in the plaintiff's favor and the court "must accept as true all factual allegations contained in the complaint." *Persian Galleries, Inc. v. Transcontinental Ins. Co.*, 38 F.3d 253, 258 (6th Cir. 1994).  The issue when considering this motion to dismiss is not whether the plaintiff will ultimately prevail, but rather, whether he is entitled to offer evidence in support of his claims.

3

### B. KENTUCKY'S WHISTLEBLOWER ACT

The defendants argue that Count 1 of Baker's complaint should be dismissed because the Kentucky Whistleblower Act, KRS § 61.102, does not apply to municipalities, including the City of Stanford. This statute provides as follows:

> No employer shall subject to reprisal, or directly or indirectly use, or threaten to use, any official authority or influence, in any manner whatsoever, which tends to discourage, restrain, depress, dissuade, deter, prevent, interfere with, coerce, or discriminate against any employee who in good faith reports, discloses, divulges, or otherwise brings to the attention of the Kentucky Legislative Ethics Commission, the Attorney General, the Auditor of Public Accounts, the General Assembly of the Commonwealth of Kentucky or any of its members or employees, the judiciary or any member or employee of the judiciary, any law enforcement agency or its employees, or any other appropriate body or authority, any facts or information relative to an actual or suspected violation of any law, statute, executive order, administrative regulation, mandate, rule, or ordinance of the United States, the Commonwealth of Kentucky, or any of its political subdivisions, or any facts or information relative to actual or suspected mismanagement, waste, fraud, abuse of authority, or a substantial and specific danger to public health or safety. No employer shall require any employee to give notice prior to making such a report, disclosure, or divulgence.

KRS § 61.102(a). The defendants argue that while KRS § 61.102 indeed protects certain groups of public employees from reprisal for certain reports made to appropriate state agencies, the statute's definition of employer does not include municipalities.

The term "employer" as used in KRS §61.102 is defined as follows:

> "Employer" means the Commonwealth of Kentucky or any of its political subdivisions. Employer also includes any person authorized to act on behalf of the Commonwealth, or any of its political subdivisions, with respect to formulation of policy or the supervision, in a managerial capacity, of subordinate employees.

KRS § 61.101(2). Thus, by definition, KRS § 61.102 only applies to the Commonwealth of Kentucky and its "political subdivisions" and not to private entities. The question for this court,

4

then, is whether a municipality such as the City of Stanford is a "political subdivision" of the Commonwealth.

    **C.    ANALYSIS**

In considering this precise issue in our sister court, Judge Karen Caldwell issued her Opinion & Order on April 5, 2004, holding that the City of Somerset was not an "employer" for purposes of the Kentucky Whistleblower Act. *See Nelson v. City of Somerset, et al.*, London Civil Action No. 03-591-KKC, DE #13. A motion for reconsideration was subsequently filed, and Judge Caldwell again reaffirmed her previous holding that the Kentucky Whistleblower Act is not applicable to municipalities or their official employees. *Id*. at DE # 33.

In reaching this decision, Judge Caldwell noted that unlike counties, cities in Kentucky are not entitled to sovereign immunity. *Haney v. City of Lexington, Ky*, 386 S.W.2d 738, 742 (Ky. 1964); *Gas Service Co., Inc. v. City of London, Ky*, 687 S.W.2d 144 (Ky. 1985); *Bolden v. City of Covington, Ky*, 803 S.W.2d 577, 579 (Ky. 1991). This distinction is important because the omission of municipalities from the definition of "employer" in KRS § 61.101(2) must be presumed to be intentional under ordinary rules of statutory construction. *See Louisville Water Co. v. Wells*, Ky. App. 664 S.W.2d 525, 526 (1984).

Baker, on the other hand, argues that: (1) the plain language of the statute suggests that it includes cities; (2) the legislature did not specifically exclude cities from KRS § 61.102; (3) the court's ruling in *Holsclaw v. Stephens*, 507 S.W.2d 462, 470 (Ky.App. 1973), wherein the court held it was constitutionally permissible for the Lexington City Government to merge into one urban-county government, classifies cities as political subdivisions of the state; (4) sovereign immunity and Section 231 of the Kentucky Constitution are not applicable; (5) other Kentucky statutes include

cities within the definition of "political subdivisions;" and (6) public policy mandates a finding that cities are included within the definition of "political subdivision." None of these arguments are persuasive.

The language of the statute is certainly not plain or explicit with regard to municipalities. In contrast, the defendants point to numerous other Kentucky statutes which plainly include municipalities when defining the scope of a statutory scheme. In drafting these statutes, the General Assembly considered it necessary to list political subdivisions separately from municipalities. Moreover, the failure to exclude municipalities from the scope of a statute does not necessarily mean they should be included. Rather, the enumeration of a particular thing, in the case "political subdivision," demonstrates that the omission of another thing, municipalities, is an intentional exclusion. *Louisville Water Co.* 664 S.W.2d at 526.

Baker's reliance on *Holsclaw* is also misplaced. The court in *Holsclaw* did not find that cities are political subdivisions of the Commonwealth of Kentucky. Rather, the court held that it is permissible for different local governments (i.e., a city and a county) to have combined authority and services. *Holsclaw*, 507 S.W.2d at 470-71.

Baker's argument that interpretation of Kentucky's sovereign immunity law has no bearing on this case is also flawed. When considering the issue of sovereign immunity, Kentucky courts have recognized a significant distinction between counties, which are protected by sovereign immunity, and municipalities, which are not. *Compare Lexington Fayette Urban County Government v. Smolcic*, 142 S.W.3d 128, 132 (Ky. 2004)("Kentucky counties are cloaked with sovereign immunity. This immunity flows from the Commonwealth's inherent immunity by virtue of a Kentucky county's status as an arm or political subdivision of the Commonwealth") *with*

*Kentucky Center for the Arts v. Berns*, 801 S.W.2d 327, 331 (Ky. 1990)("[m]unicipal corporations are local entities created by act of the General Assembly and not agencies performing the services of a central state government. As such they do not qualify for sovereign immunity"). Certainly, this analysis is relevant to the Court's consideration herein. Finally, although Baker contends that public policy dictates a finding that municipalities are covered by the Kentucky Whistleblower Act, he cites no authority in support of his position.

With respect to the defendants' individual liability, the Kentucky Supreme Court has explicitly held that "[t]he Kentucky Whistleblower Act, as a whole, is inconsistent with individual liability." *Cabinet for Families and Children v. Cummings*, 163 S.W.3d 425, 433-34 (Ky. 2005). Although Baker acknowledges this case, he contends that the Court should refrain from ruling on this portion of the motion to allow him to develop facts which will reveal both intentional and grossly negligent acts on the part of the individual defendants. However, based on the clear ruling from the Kentucky Supreme Court in *Cummings*, the Kentucky Whistleblower Act simply does not impose individual civil liability, regardless of the facts.

### III.   CONCLUSION

For the foregoing reasons, the Court holds that the Kentucky Whistleblower Act, KRS § 61.102, does not apply to municipalities, including the City of Stanford, and thus the Court will grant the defendants' motion to dismiss Count 1 against the City of Stanford and the official defendants. Moreover, the Court will grant the defendants' motion to dismiss Count 1 against the individual defendants based on *Cummings*. Accordingly, the Court being fully and sufficiently advised:

(1)   the defendants' motion to dismiss Count 1 of Baker's complaint [DE #3] is GRANTED, and Count 1 of Baker's complaint is DISMISSED against the individual and official defendants, and the City of Stanford; and

(2)     this action remains pending on Baker's remaining claims.

This January 24, 2008.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge